**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| Banq, Inc., | 2:22-cv-00773-MMD-VCF |
| Plaintiff, | |
| vs. | **Order** |
| Scott Purcell, et al., | MOTION TO COMPEL [ECF NO. 48]; MOTION TO STAY DISCOVERY [ECF NO. 61] |
| Defendants. | |

Defendants filed a motion to stay discovery (ECF No. 61) and plaintiff filed a motion to compel discovery (ECF No. 48). I grant the defendants' motion to stay discovery. ECF No. 61. I deny the plaintiff's motion to compel without prejudice as moot. ECF No. 48. I initially set a hearing on these motions, which I now vacate as unnecessary. ECF No. 74.

**I.     Background**

The individual defendants in this case are former high-level employees of Banq who allegedly used Banq's corporate resources to develop technology related to blockchain non-fungible tokens (NFTs), among other issues. ECF No. 1 at 2. Plaintiff Banq. Inc. brings claims against the defendants for misappropriation of trade secrets under the federal Defend Trade Secrets Act (18 U.S.C. § 1839, et seq.) and the Nevada Uniform Trade Secrets Act (NRS Ch. 600A), violations of the Computer Fraud and Abuse Act (18 U.S.C. §1030 et seq.) ("CFAA") and Nevada's corresponding statute (NRS 205.4765), conversion of Banq's corporate assets, fraud, interference with prospective economic advantage, breaches of fiduciary duty, aiding and abetting breaches of fiduciary duties, negligence for spoliation of evidence, and unjust enrichment. *Id.*

1

In June 2022, the defendants filed a motion to dismiss for failure to state a claim, which is still pending. ECF No. 22. The discovery cutoff date in this case is March 25, 2023. ECF No. 35. On October 14, 2022, the defendants concurrently filed the motion to compel arbitration (pending before Judge Du) and a motion to stay discovery. ECF Nos. 56 and 61. Defendants argue that discovery must be stayed because the individual defendants signed arbitration agreements when they worked at Banq and that Banq violated that agreement when it filed this lawsuit in this court. ECF No. 61. Plaintiff argues in the response that the defendants stipulated to early discovery and did not mention anything about arbitration in its earlier filed motion to dismiss. ECF No. 70. Plaintiffs argue that the defendants are attempting to pivot because they have new attorneys. *Id.* Plaintiffs also argue that they waived any right to arbitration. *Id.* Plaintiffs also argue that the motion to compel arbitration fails on the merits. *Id.* Plaintiffs also argue that the discovery it seeks is relevant regardless of the forum. *Id.* Plaintiff argues that the motion to compel arbitration can be decided without further discovery. ECF No. 73.

**II.     Analysis**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action[.]"  The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013).  Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984).  "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  First, the

pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.*

The motion to compel arbitration is potentially dispositive of the entire case in this Court. That the parties have expended some time and money in participating in the discovery process is beyond dispute. I am not persuaded, however, that any prejudice to plaintiff would be significant enough to outweigh the importance of resolving the question of arbitration while preserving its key advantages—speed and economy. The issues presented in the motion to compel arbitration, such as whether or not the defendants waived arbitration, are matters that can be decided without any additional discovery. Although the defendants did not move on this basis, I also consider the fact that there is still a pending motion to dismiss. If Judge Du dismisses the case for failure to state a claim or if the Court eliminates any of the plaintiff's claims, that could also considerably limit the scope of discovery in this case.

Staying discovery now would also conserve the resources of the parties, and the Court, pending a decision on the motion to compel arbitration. After a "preliminary peek" and considering the goals of Rule 1 to "secure the just, speedy, and inexpensive determination" of all cases, I find that many of the arguments advanced in the motion to compel arbitration may have merit. Discovery will be stayed pending resolution of the defendant's motion to compel arbitration.

Since I am staying discovery, I dismiss plaintiff's motion to compel without prejudice as moot. Plaintiff may renew its motion, if appropriate, after the Court issues an order on the motion to compel arbitration. If the case survives in this Court, plaintiff must meet and confer with the defendants again regarding any outstanding discovery issues prior to renewing its motion to compel.

Accordingly, and for good cause shown,

I ORDER that the defendants' motion to stay discovery (ECF No. 61), pending resolution of the

1  motion to compel arbitration, is GRANTED.

2      I FURTHER ORDER that plaintiff's motion to compel (ECF No. 48) is DENIED WITHOUT

3  PREJUDICE, as specified in this order.

4      I FURTHER ORDER that all discovery deadlines in this case (ECF No. 35) are VACATED. If

5  Judge Du allows this case to proceed in this Court, the parties must file a new joint discovery plan

6  twenty days after Judge Du enters her decision on the motion to compel arbitration.

7      I FURTHER ORDER that the hearing on these motions (ECF No. 74) is VACATED.

8      IT IS SO ORDERED.0

9      DATED this 20th day of December 2022.

                                                 _____

                                               CAM FERENBACH
                                               UNITED STATES MAGISTRATE JUDGE