# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Banq, Inc., | Case No. 2:22-cv-00773-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Scott Purcell, et al., | |
| Defendants. | |

Before the Court is the parties' stipulated discovery plan and scheduling order. (ECF No. 106). The Court grants in part and denies in part the parties' stipulated discovery plan as outlined below.

First, the Court declines to decide the parties' dispute over staying discovery because Defendants have not separately moved for this relief and have not provided points and authorities to support their request. *See* LR IC 2-2(b); *see* LR 7-2(a). The Court informs the parties that, should they brief the stay issue, the Court relies on the "good cause" standard articulated in *Gibson v. MGM International*, No. 2:23-cv-00140-MMD-DJA, 2023 WL 4455726 (D. Nev. July 11, 2023).

Second, the Court declines to bifurcate discovery. The parties seek to conclude expert discovery after fact discovery, a bifurcated process not provided in Local Rule 26-1(b)(1) and (3). The parties explain that "sequencing of expert discovery will lead to a more streamlined discovery process." (ECF No. 106 at 5). But given the complications that can arise when discovery disputes regarding experts occur after the close of discovery, the Court is not inclined to grant bifurcation without more robust explanation. The Court will grant the parties' proposed 378-day discovery period and will instead bring the deadlines in line with the sequence proposed by Local Rule 26-1.

Third, the parties request the Court's preference regarding whether they should re-file the briefs related to Defendants' motion to dismiss (previously filed at ECF No. 22) or whether the Court will re-consider that motion. Because Defendants' prior motion to dismiss was denied as moot, the Court will not re-determine that motion. Nor will it set a hearing on it as the parties request in their discovery plan. Defendants may move to dismiss again whenever they choose consistent with the Federal and Local Rules.

Fourth, the Court declines to set the floating deadline that the parties propose for Defendants to respond to causes of action from the adversary proceeding that Plaintiff seeks to consolidate.

**IT IS THEREFORE ORDERED** that the parties' proposed discovery plan (ECF No. 106) is **granted in part and denied in part.** It is granted regarding the provisions to which the parties agree. It is denied regarding staying certain discovery, bifurcating discovery, setting a hearing on Defendants' motion to dismiss, and setting a response schedule related to Plaintiff's motion to consolidate.

**IT IS FURTHER ORDERED** that the below deadlines shall govern discovery:

| | |
|---|---|
| Amend pleadings/add parties: | August 25, 2025 |
| Initial expert disclosures: | September 22, 2025 |
| Rebuttal expert disclosures: | October 22, 2025 |
| Discovery cutoff: | November 21, 2025 |
| Dispositive motions: | December 22, 2025 |
| Joint pretrial order: | January 21, 2026[1] |

DATED: November 13, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.